Douglass v. Geiler.

---

JOHN C. DOUGLASS v. C. E. GEILER.

1. INSTRUCTIONS; *Practice.* In a trial by a jury, it is the duty of the court to instruct the jury on questions of law which he deems applicable to the case as made by the pleadings and evidence; and if a party desires other or different instructions, he must make his request in writing for them, as provided by ¿ 275 of the code. If no such request is made, the instructions given stand as the law of the case for that trial. A judgment will not be reversed in this court on the ground that the trial court should have given other or different instructions, where a request in writing for such instructions was not made on the trial.

| 32 | 499 |
| 42 | 300 |
| 42 | 421 |
| 32 | 499 |
| 43 | 454 |
| 32 | 499 |
| 48 | 533 |
| 32 | 499 |
| 62 | 468 |
| 32 | 499 |
| 72 | 572 |
| 32 | 499 |
| 75 | 694 |

2. MATERIAL FACT, *When Assumed as Shown.* Where on a trial before the court and jury, both plaintiff and defendant testify substantially alike as to a material fact, in instructing the jury on the law of the case the court may properly assume that such fact is established, the same as if admitted by the pleadings, or by the parties in open court on the trial.

3. TITLE *to be Proved.* Where a party commences suit to recover for the use and occupation of real estate, alleging in his petition that he is the *owner in fee,* which allegation is denied by the answer, he cannot recover without proving title in himself, and such title cannot be proved by the mere declaration of one of the parties that the title is in the plaintiff.

4. LANDLORD AND TENANT; *Possession Abandoned; Lease, not Revived.* A tenant of real estate, at the end of his term, removed his fences and improvements, and abandoned and quit the possession. Some time afterward he again went into the possession of the property under a claim of title adverse to his former landlord. *Held,* That such abandonment was a surrender of the possession under the lease, and the relation of tenant to the person from whom he obtained possession was thereby terminated, and that he did not, by afterward taking possession, revive the lease or extend the term under it, and was not liable for rent under it.

*Error from Leavenworth District Court.*

THE opinion states the nature of the action, and the facts. At the April Term, 1883, the court rendered judgment for costs against plaintiff *Douglass,* who alleges error, and brings the case here.

*John C. Douglass,* and *H. B. Thomas,* for plaintiff in error.

*Lucien Baker,* for defendant in error.

The opinion of the court was delivered by

HURD, J.: The plaintiff in error commenced this suit in a justice's court to recover $30, for rent of a lot from March 8, 1878, to March 8, 1881. The defendant answered as provided by § 7 of ch. 81, Comp. Laws, claiming title to the lot. The justice certified the action to the district court for trial. In the district court the plaintiff filed an amended petition or bill of items, first, claiming $40, for the rent of the lot from March 8, 1878, to March 8, 1882, "as per a lease in writing under which the defendant had held over from year to year;" and

second, claiming to recover for the use and occupation of the same lot, which he alleges he is the owner of in fee, from March 8, 1878, and demanded judgment for $40 for rent, and $50 for use and occupation, rents, issues, and profits. The cause was tried by the court and a jury, and the jury rendered a general verdict for the defendant, and returned answers to certain questions submitted by the parties, respectively. The plaintiff excepted to the instructions the court gave to the jury, and filed his motion for a new trial, which the court overruled, and rendered judgment against him for costs of suit. He then made a case, which is a record of the pleadings, proceedings, and evidence, and brings his petition in error in this court to reverse the judgment, and for a new trial.

The answers to the questions submitted by the respective parties, returned by the jury, fully sustain the general verdict. The plaintiff now claims that the instructions given to the jury were erroneous, and that the court should have given other instructions, which ought to have been given under the pleadings and evidence.

It is the duty of the court to instruct the jury on the law governing the case as he may think is shown by the pleadings and evidence; and if a party to the suit desires other or different instructions, he must make his request for them in writing under § 275 of the code; and if he fail to do so, then the instructions given stand as the law governing that case for that trial, and his only remedy is to except to the instructions given, move for a new trial on such exceptions, and if the motion is overruled, bring proceedings in error in this court. The plaintiff did not request the court to give any further or other instructions than those given by the court on its own motion, and cannot now be heard to complain that other instructions were not given. His failing to request other findings at the trial bars him from raising the question in this court.

On the trial, the plaintiff and defendant both testified that sometime prior to the 8th day of March, 1878, they mutually agreed that the lease for the lot under which the defend-

ant was then in possession should terminate on the 8th day of March, 1878, and the defendant and witnesses in his behalf testified that he did abandon the lot and quit possession at that time; that six days afterward he again went into the possession and had held it ever since, and the defendant testified that he so took and held possession under a tax title acquired after he abandoned the lot under the lease with the plaintiff. Upon this evidence the court instructed the jury that as both parties testified that the lease should expire March 8, 1878, the only question for their consideration was, whether the defendant in good faith actually gave up possession and abandoned the lot on the day mentioned; that the defendant was under no legal obligation to notify the plaintiff that he had, if such was the fact, vacated the lot on March 8, 1878; that as it was agreed the lease should expire on that day, nothing more was necessary to be done on the part of the defendant to surrender possession of the lot, than in good faith to vacate and abandon it. In this instruction the court assumed that as both parties had testified that they had agreed that the lease under which the defendant was in possession should terminate and the term end on March 8, 1878, it was a fact established and undisputed.

We think when a material fact is testified to by both parties on the trial, the court may properly, in instructing the jury, assume that such fact is established, the same as if admitted by the pleadings, or by a direct admission of the parties in court on the trial, and that the court below did not err in this instruction to the jury in assuming that the agreement was, that the lease was to end on the 8th day of March, 1878. The plaintiff produced no evidence of his title to the lot, and the only testimony given in relation to title was that of Overton, a witness for defendant, who testified that on the morning of March 8, 1878, the defendant removed his fences from the lot; that while he was removing the fences, he (Overton) asked him what he was doing that for; he said it was Mr. Douglass's lot; that he had leased it, but did not want the lot any longer.

Upon the question of a recovery for use and occupation

under the second cause of action, the court instructed the jury that —

"To enable the plaintiff to recover irrespective of the lease, it was necessary to be shown that he had a title of some kind to the premises. This he claims to have done by the testimony of the witness Overton, who said that the defendant said to him on March 8, 1878, that it was Douglass's lot; but I instruct you that title to real estate cannot be proved in that way, and as there was no other evidence of title produced, the plaintiff must recover, if at all, against the defendant holding over his term."

We think this instruction was not erroneous. If the defendant in good faith abandoned the lot, then his possession and right of possession under the lease were at an end, and the fact that he afterward took possession did not revive the lease nor extend his term.

By the second cause of action the plaintiff claims to be the owner in fee of the lot, and because of such ownership claims to recover for its use and occupation. The answer denies the plaintiff's title. Before the plaintiff can recover for use and occupation under these pleadings he must prove his title, and the title cannot be proved by oral evidence. The admission of the defendant to witness Overton, after the lease was terminated, does not prove the title in the plaintiff or prevent the defendant from claiming the lot by an after-acquired title, nor make him liable to the plaintiff for the use and occupation of the lot. There was no evidence given sustaining or tending to sustain plaintiff's second cause of action. We think the court properly instructed the jury, and that the verdict rendered is supported by the evidence. Judgment affirmed.

All the Justices concurring.