## JOHN V. FARWELL COMPANY v. D. THOMAS.

### No. 457.

1. PRACTICE, COURTS OF APPEALS—*Instructions in Record.* Certain facts held to indicate the preservation of all the instructions given by the trial court, in the absence of a statement in the record to that effect.

2. ——— *Defects in Instructions— Waiver.* Mere want of fulness in definition or otherwise, in instructions given, is not ground of error, where the complaining party failed to ask for other or different instructions.

3. ——— *Instructions Considered Together.* All the instructions given in a case must be considered, where the giving of one of such instructions is complained of as erroneous.

4. INSTRUCTIONS—*Facts to be Found—Substantial Issue.* In an action for the recovery of money, the answer was a general denial

Farwell v. Thomas.

of the allegations of the petition. The court in one instruction stated that each of three propositions set forth in the petition and mentioned in such instruction must be found in favor of the plaintiff to entitle him to recover, and in the next succeeding instruction stated that if the jury found against the plaintiff as to each of said propositions they should return a verdict for the defendant. *Held*, that the two instructions, when read together in the light of the facts appearing in the record, are not erroneous, since under the pleadings the substantial issue in the case was as to plaintiff's right of recovery.

Error from Lyon district court; W. A. RANDOLPH, judge. Opinion filed February 17, 1899. Affirmed.

*Chas. B. Graves*, for plaintiff in error.

*L. B. & J. M. Kellogg*, for defendant in error.

The opinion of the court was delivered by

MILTON, J. :   This action was brought by D. Thomas against the John V. Farwell Company, a corporation, to recover the sum of $3626.26, alleged to be due under an agreement between the said parties for the distribution of funds arising from the sale, at Emporia, Kan., under attachment proceedings, of a stock of merchandise belonging to M. Thomas & Sons. Verdict and judgment were rendered in favor of plaintiff below in the sum of $1908.18. The instructions given by the trial court present a clear statement of the facts and issues in the case. They are as follows :

" 1. It appears, gentlemen, that about the middle of December, 1892, M. Thomas & Sons, merchants in Emporia, Kan., found themselves in failing circumstances, and were indebted to the defendant in the sum of about $7000 ; to Burnham, Hanna, Munger & Co., in about $2677.68 ; and, as plaintiff alleges, they were also indebted to him in the sum of about $3000. It seems this plaintiff had agreed in writing to secure the debt due this defendant, in case he found it necessary to do so, with his own ; and the plaintiff further

alleges that he took the chattel mortgage which has been introduced in evidence from M. Thomas & Sons to himself to secure the alleged indebtedness due him from M. Thomas & Sons for about $3000 and said $7000 due the defendant. It also appears that shortly after the taking of said mortgage the plaintiff put a Miss Evans in charge of the goods mortgaged, as his agent, and proceeded to sell the same to satisfy the debt secured by said mortgage. Shortly thereafter the said Burnham, Hanna, Munger & Co. brought suit on their claim and garnisheed Miss Evans, the agent of plaintiff in charge of said stock, and then this defendant brought suit in attachment for his claim and attached said goods, and the sheriff, by virtue of said writ of attachment in the action, took possession of the goods for this defendant. It also appears that at the time said actions in garnishment and attachment were instituted the plaintiff was at Geuda Springs, and that about the 21st day of December, 1892, the defendant's agent, Mr. Norton, went down to see him, and plaintiff claims that an agreement was then made by and between him and said Norton, acting for defendant, whereby defendant was to take charge of said stock of goods and dispose of them for the best interests of themselves, the plaintiff was not to resist the attachment suit of defendant, and the proceeds of the sale of the goods, after the settlement of the claim of Burnham, Hanna, Munger & Co., were to be divided *pro rata* between the plaintiff and defendant. Plaintiff claims that defendant did sell out the stock of goods as per the agreement and appropriated all of the proceeds of such sale to his own use, and this action is brought by him to recover of the defendant his share of such proceeds to which he is alleged to be entitled, amounting, as he alleges, to $3626.26.

"2. The defendant denies that any such contract as the plaintiff alleges was made or was ever entered into, and also denies any liability to the defendant (plaintiff) whatever.

"3. If you find from the evidence that said M. Thomas & Sons were, as claimed by plaintiff, indebted

to him, and such mortgage was taken in good faith to secure said indebtedness, you will then determine whether or not the contract was, as plaintiff claims, entered into at Arkansas City between the plaintiff and defendant; and if you should find such a contract was entered into, you will then proceed to determine the amount there is due to this plaintiff from the proceeds of the sale of said goods.

"4.  If you should find from the evidence that said indebtedness was not due from M. Thomas & Sons to plaintiff and that said mortgage was not made in good faith to him by them, and that said contract was not entered into as claimed by plaintiff, then you will find for the defendant.

"5.  The burden of proof is upon the plaintiff to show his right to recover by a preponderance of the evidence, and he must also by a preponderance of the evidence show to you that the contract was entered into as claimed by plaintiff at Arkansas City.

"6.  It is admitted that Burnham, Hanna, Munger & Co.'s claim was settled by the defendant for $1375.53, and that defendant received of the proceeds of the sale of the goods $7100.08.  The claim of Burnham, Hanna, Munger & Co. is to be deducted from the $7100.08 which would leave $5724.55 as the net proceeds of the sale of such goods; and if you should find that the plaintiff and the defendant agreed to prorate the proceeds of the sale of such goods, then you will use said sum as a basis to calculate from.

"7.  You are the exclusive judge of the evidence, of its weight, and of the credibility of the witnesses. And in determining the credibility of a witness and the weight that you shall give his testimony you may properly take into consideration the interest of such witness, if any he may have, in the result of the action; his bias or prejudice, if any, for or against the party for or against whom such witness testifies; his opportunities for knowing the facts about which he testifies; his powers of memory and observation; his demeanor on the witness-stand; his intelligence and the general reasonableness and consistency of his statements, and any other fact or circumstance dis-

closed by the evidence which, in your judgment, adds to or detracts from the credibility of such witness.''

Indorsed : ''Filed December 14, 1893.—M. Q. STARR, *Clerk*.''

The principal errors specified and discussed by counsel for plaintiff in error are that the court failed to give full and complete general instructions, and that instruction No. 4, as given, was erroneous. Counsel for defendant in error objects to the consideration of the alleged errors on the ground that the record fails to show affirmatively that it contains all the instructions given. We think the words introducing the instructions, the general nature of instruction No. 7 and the filing marks immediately following such instructions sufficiently show that all the instructions given by the court are preserved in the record.

No instructions were asked by the plaintiff in error. Its counsel contends that the court erred by reason of its failure to give more complete and comprehensive general instructions, especially as to the meaning of the phrases, ''preponderance of evidence'' and ''burden of proof.'' In *Guthrie v. Merrill*, 4 Kan. 187, it was said :

''In this case it no doubt would have been proper for the court to have charged the jury further than it did and upon some points which he did not touch upon, as it appears by the record. But inasmuch as such instructions as were asked do not seem to have been put in writing and presented to the court for allowance or refusal, and as the same state of facts may not arise on a new trial, we do not feel called upon to pursue this part of the case further.''

In *Douglass v. Geiler*, 32 Kan. 499, 4 Pac. 1039, the court said :

''It is the duty of the court to instruct the jury on the law governing the case as he may think is shown by the pleadings and evidence ; and if a party to the

suit desires other or different instructions he must make his request for them in writing, under section 275 of the code ; and if he fail to do so, then the instructions given stand as the law governing that case for that trial. . . . The plaintiff did not request the court to give any further or other instructions, and cannot now be heard to complain that other instructions were not given.''

To the same effect is the following from the opinion in *The State v. Peterson*, 38 Kan. 211, 16 Pac. 263 :

"As a general rule, where the court properly instructs the jury, except that it omits some matter which might properly be given, no available error is committed unless the court has been properly requested to instruct with reference to such matter.''

In view of the foregoing, the position of counsel is not well taken.

As to instruction No. 4, counsel for plaintiff in error contends that the jury were there told that before they could find for the defendant they must first find there was nothing due from M. Thomas & Sons to D. Thomas ; that the mortgage to the latter was not made in good faith ; and that the agreement was not entered into at Arkansas City, as claimed by D. Thomas. Counsel argues that the instruction required too much from the defendant, and that the latter was entitled to judgment for costs as against the plaintiff, unless the jury believed that the agreement at Arkansas City was as D. Thomas claimed it to be. The third and fourth instructions must be read together. They might have been given as one instruction, and if so given the objection urged by counsel would scarcely have been made. A careful reading of the third instruction will show that the court required the plaintiff to prove, in order to entitle him to a verdict, that M. Thomas & Sons were actually indebted to him

in the amount claimed, and that the chattel mortgage was taken in good faith to secure such indebtedness. Such findings were thus made conditions precedent to a determination by the jury of the important and controlling question in the case—that is, whether the agreement made at Arkansas City was as claimed by the plaintiff. It was thus in effect clearly stated that all the foregoing should precede a determination of the amount due to the plaintiff from the proceeds of the sale of the goods at Emporia.

Instruction No. 4 amounts to no more than a statement that a failure on the part of the plaintiff to prove all the propositions embodied in the third instruction would require a verdict for the defendant, and when the two instructions are read together, it appears that the burden was placed entirely on the plaintiff to prove each of such propositions. The record shows that the Farwell company sought to prove that the agreement made at Arkansas City was not of the character claimed for it by the plaintiff, and also that the chattel mortgage was not given to D. Thomas in good faith, to secure an actual debt owing to him by M. Thomas & Sons. If the jury had believed that the indebtedness was not due from M. Thomas & Sons to the plaintiff, they could not have found that the mortgage was taken in good faith. In that state of the case, they could not, in keeping with instruction No. 3, have returned a verdict for the plaintiff. The general verdict is certainly a finding of all the facts stated in the third instruction favorably to the plaintiff below. In this view, the giving of instruction No. 4 cannot be regarded as reversible error.

The verdict appears to be sustained by a preponderance of the evidence. The judgment of the trial court will be affirmed.