MARY S. TURNER AND M. M. TURNER V. TOOTLE,
WHEELER & MOTTER.

**No. 338.**  ( 58 Pac. 562.)

1. FRAUD—*Case Followed.*  The case of *National Bank v. Beard,*
55 Kan. 773, 42 Pac. 320, followed.

2. PRACTICE, DISTRICT COURT—*Giving of Instructions.*  If the
instructions given were wanting in fulness of statement of some
proposition of law, or in completeness of definition, it was the
duty of the party desiring more complete instructions to have re-
quested the same; and, in the absence of such request, the in-
structions given stand as the law of the case for that trial.

Error from Marion district court; O. L. MOORE,
judge.   Opinion filed October 17, 1899.   Affirmed.

*Keller & Dean,* for plaintiffs in error.

*C. M. Clark,* for defendants in error.

The opinion of the court was delivered by

MILTON, J. :  On February 20, 1895, the defendants
in error commenced this action in replevin against the
plaintiffs in error to recover the possession of certain
merchandise which had been sold and delivered by
the plaintiffs below to the defendant M. M. Turner,
then a retail merchant in Peabody, Kan., the plain-
tiffs being wholesale merchants in St. Joseph, Mo.
The plaintiffs claimed the right to retake the goods
for the reason that the sale and delivery thereof had
been induced and procured by means of false state-
ments and representations made by Turner to the
plaintiffs concerning his financial condition.

Mary S. Turner, the wife of M. M. Turner, in her
separate answer to plaintiff's petition, averred that
prior to and at the commencement of the action she
was the sole owner of the property seized under the

writ of replevin, and entitled to the immediate possession of the same. In the trial she sought to prove a purchase in good faith from her husband of the stock of goods, including the goods in controversy, and also his merchandise accounts.

The evidence tended to prove that M. M. Turner had made false statements concerning his financial condition and that the plaintiffs, relying upon the truthfulness of such statement, were thereby induced to sell the goods which formed the subject-matter of this controversy to said Turner. The evidence on behalf of the defendants tended to prove that Mrs. Turner had given her husband $1200 of her own money some twelve years before this controversy arose, to be used in his business, with no special agreement for its return, although it may have been the expectation of herself and husband that it might be repaid at some indefinite time. It was also shown that as a part consideration for the sale of the goods to her, Mrs. Turner had agreed to assume $400 of indebtedness owing by her husband to certain parties in Marion county. It did not appear that she had become bound upon such indebtedness prior to the commencement of this action. The bill of sale from Turner to his wife was read by him to her in the presence of another person whom he had detained to become a witness to the transaction, in the evening of Saturday, February 16, 1895. No inventory of the goods was attached to the bill of sale. On or about the same date Turner removed with his family from a mortgaged residence in Peabody to a farm which he owned not far from that city, and also conveyed to his son another quarter-section which was encumbered by a mortgage. He claimed to owe his son $500, and to have conveyed the land for that consideration. As a result of these transactions Tur-

ner had nothing left for his general creditors. Attachment proceedings were begun on February 19, by certain creditors, Turner having in the meantime been engaged with two other persons in making an inventory of his goods, for the alleged purpose of attaching such inventory to the bill of sale.

Mrs. Turner did not personally take possession of the goods prior to the commencement of this action. The goods in controversy were not paid for in whole or in part by Turner.

The jury returned a verdict in favor of the plaintiffs, finding therein that at the commencement of the action the plaintiffs were entitled to the possession of the goods in controversy; and also returned answers to special questions submitted by the plaintiffs. These findings show that the goods were sold and delivered by the plaintiffs to Turner by reason of his false representations, upon which the plaintiffs relied in extending him credit. The judgment of the court was in accordance with the verdict.

It is claimed that the verdict is not sustained by sufficient evidence. We find that the evidence is conflicting upon the material points involved, and we are therefore precluded from weighing the same.

The plaintiffs in error claim that the court erred in permitting the witnesses Randolph and Clark to repeat the substance of declarations made by M. M. Turner to the witnesses on February 19, three days after the bill of sale was made, concerning the various transactions hereinbefore referred to. It appears that part of the testimony referred to was clearly competent, and that M. M. Turner, testifying as a witness for the defendants, stated the substance of the conversation referred to by the witnesses Randolph and Clark. It also appears that M. M. Turner was in possession

of the stock of goods at the time the conversation took place. It further appears that the objections to this evidence were, with a single exception, made on the part of the defendants jointly, whereas all of such evidence was clearly competent against M. M. Turner, and no instruction upon this point was asked for by the defendants or given by the court. In the last-named respect this case is like that of *Hargrove v. Millington*, 8 Kan. 480, in which the trial court had received evidence which was competent as to Hargrove, the assignor, and not competent as to Murphy, the assignee. The supreme court decided that it was proper to allow the evidence to go to the jury, under instructions to consider it only as against Hargrove; and that, as instructions to that effect were not asked for, no error was committed in permitting the evidence to go to the jury without such instructions. On the main proposition involved in this objection, our supreme court has held as follows:

" The declarations of one of the parties to a transfer of personal property alleged to be fraudulent are admissible in evidence against his vendee, although the person making them is not a party to the suit, where such declarations are made at or about the time of the transfer as claimed by either party to the suit, and there is no open and visible change of possession of the property." (*National Bank v. Beard*, 55 Kan. 773, 42 Pac. 320.)

One of the cases there cited as an authority upon the foregoing proposition is *Smith v. Boyer*, 29 Neb. 76, 45 N. W. 265, where one paragraph of the syllabus reads:

" While the general rule is that the declarations of a party made after he has parted with his interest in the subject-matter of the litigation cannot be received to disparage the right or title of one who acquired the

Turner v. Tootle.

same in good faith before such declarations were made, yet this rule does not apply to transfers of property made for the purpose of defrauding creditors. In such case the fraudulent character of the transfer being proved, the declarations and acts of the vendor, made shortly after the alleged transfer, and before the rights of innocent parties intervened, may be shown as circumstances in corroboration.''

See, also, *Ferbrache v. Martin*, 32 Pac. (Idaho), 252, 253.

Complaint is made of the court's refusal to give certain instructions asked for by the defendants below. We think the instructions given fairly present the law applicable to the facts proved, and that the instructions refused were sufficiently embodied in those given. If the instructions were wanting in some particular respect, as, for example, in fulness of statement of some proposition of law, it was the duty of the party desiring more complete instructions to ask for the same. ''Mere want of fulness in definition or otherwise, in instructions given, is not ground of error, where the complaining party failed to ask for other or different instructions.'' (*Farwell v. Thomas*, 8 Kan. App. 614, 56 Pac. 151.)

No material error appearing in the record, the judgment of the trial court will be affirmed.