A. MORISETTE, *as Sheriff*, v. W. H. HOWARD, *as Trustee, et al.*

**No. 11,812.** · (63 Pac. 756.)

62  463
65  147
65  151
62  463
72  572
62  463
f76  760

1. CORPORATIONS—*Disposition of Property—Discontinuance of Business.* A strictly private corporation, owing no peculiar duties to the public, has the same dominion over and power to dispose of its property that an individual has; and, when the exigencies of its business render it necessary, it may, if done in good faith and with the assent of its stockholders, discontinue business and dispose of its entire assets and property, with a view of paying its debts and closing up the affairs of the corporation.

2. ——— *Consideration for Sale.* For such purpose the acceptance of real estate by a mercantile company in part payment for a stock of merchandise will not condemn or defeat the sale.

3. ——— *Ratification by Stockholders.* Informal or irregular action of the board of directors or agents of a corporation, which was within the corporate power, may be cured by the ratification of the stockholders.

4. ——— *Assumption that Records are Correct.* Where, on the face of the records of a corporation, it appeared that the board of directors expressly authorized a sale of certain property, and it appeared to be regularly conferred, the purchaser, in the absence of knowledge or notice to the contrary, had a right to assume that the record correctly recited the facts, and that the authority was formally given at a meeting of the board.

5. REPLEVIN — *Case Followed.* The case of *Carson, Sheriff, v. Golden,* 36 Kan. 705, 14 Pac. 166, as to the measure of damages in replevin, followed.

6. PRACTICE — *Requested Instruction.* The refusal of a requested instruction, not signed by the party asking it, as required by section 275 of the civil code (Gen. Stat. 1897, ch. 95, § 285; Gen. Stat. 1899, § 4538), is not a ground of error.

Error from Cloud district court; F. W. STURGES, judge. Opinion filed February 9, 1901. *In banc.* Affirmed.

*Caldwell, Wilmot & Ackley,* and *Ellis, Cook & Ellis,* for plaintiff in error.

*J. R. Hamilton,* and *Pulsifer & Alexander,* for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J.: This action was brought by W. H. Howard, as trustee, to recover possession of a stock of merchandise from A. Morisette, sheriff of Cloud county, who had seized it as the property of the Clyde Mercantile Company, at the instance of the creditors of that company. After the action was begun Fannie L. Holman intervened, and alleged that she had previously purchased and paid for the merchandise, and was the actual owner and entitled to the possession of the same. The creditors of the mercantile company, through the sheriff, claimed that the sale of the goods to Holman was fraudulent as against them, and was made by the company without power or authority lawfully exercised, and, therefore, was invalid. The trial resulted in a verdict in favor of the purchaser, and is in effect a finding that the sale was made in good faith and for a sufficient consideration.

The honesty of the transaction was decided by the jury and is no longer open to question, but there is a contention that the mercantile company had no power to transfer property, and that, if it had, the power was not exercised in a legal and effective manner. The stock of goods, business, and good-will, which constituted the entire assets of the corporation, were sold to Holman for $3000 in money, payable in instalments, and also for certain real estate in Kansas City, Mo., known as the "Ramsey flats," upon which there was a mortgage. It is argued that the transfer of the entire assets and good-will of the corporation would disable it from continuing the business for which it was organized, and that the attempt to do so is *ultra vires*, and void. It is also contended that the acceptance of real property in consideration of the transfer, as well

as the holding of the same, are not within the purposes for which the mercantile company was organized. Our statute, which is only declaratory of the common law, provides that a corporation shall not employ its stock, means, assets or other property for any other purpose than to carry out the objects for which it was created. (Gen. Stat. 1899, § 1243; Gen. Stat. 1897, ch. 66, § 23.) The mercantile company was organized for the purpose of buying and selling merchandise at retail, but that does not preclude the company from disposing of its property and closing out its business, if it be done in good faith and not for the purpose of delaying or defrauding its creditors. (*The State, ex rel., v. Irrigating Co.*, 40 Kan. 96, 19 Pac. 349.)

Counsel cite a number of cases to the effect that a corporation cannot abdicate its corporate functions or relieve itself from carrying out the object of its creation by a transfer of its entire property, or by otherwise disabling itself from performing corporate duties. The doctrine of these cases is applicable to corporations established for *quasi*-public purposes, such as railroads and other companies having the right of eminent domain and other extraordinary privileges, but it has no application to corporations of a strictly private character, like the one in question. (*H. & G. M. Co. v. H. & W. M. Co. et al.*, 127 N. Y. 252, 27 N. E. 831; *Treadwell and another v. Salisbury Manufacturing Company and others*, 7 Gray, 393; *Howe v. Boston Carpet Co.*, 16 Gray, 493; *Alexander Hodges v. New England Screw Company et al.*, 1 R. I. 312; *Evans v. Boston Heating Co.*, 157 Mass. 37, 31 N. E. 698; 27 A. & E. Encycl. of L. 387.)

The mercantile company exercised no powers of a public nature, and a sale of its property and a retirement from business did not contravene public policy

30—62 KAN.

or affect the public in any way. It does not appear that the mercantile company obtained the real estate with a view of carrying on a real-estate business, but, on the other hand, that the mercantile business was unprofitable and the stockholders desired to wind up the affairs of the company by a sale and transfer of the business, and the real estate was taken in part payment and as a step in the closing up of the corporate business. It appears to have been done in good faith, with the consent of the stockholders, and we see no reason why a mere trading corporation, like this one, may not close up its business in the manner pursued in this instance. The money consideration of the sale was used in paying creditors of the corporation other than those now contesting; but it has been held that a corporation has the same dominion and control over the disposition of its assets and property as a partnership or an individual, and may make any honest disposition of them; and also that it has the same power and right to prefer its creditors that a partnership or an individual has. (*Plow Co. v. Rude*, 60 Kan. 145, 55 Pac. 848.) Under the general finding of the jury, it must be assumed that the company and its agents acted in good faith in making the sale, and also in taking real estate in exchange for the goods, not as an investment, but as the most advantageous way of disposing of an unprofitable business and closing it up with the least possible loss.

The next contention is that the power of transfer was not lawfully exercised. While the corporate records of the board of directors authorized the sale of the goods, it appears that a formal meeting of the board was not in fact held. There was an individual assent of the directors reported to be present at a

meeting, and there were also the acquiescence and assent of the stockholders and those representing them. The act which they undertook to perform was within the power of the corporation. It was informally done, but the informality was cured by the ratification of the stockholders, who were the owners of the corporate property and had the ultimate authority and control. On the face of the records there was express authority by the board, which appeared to be regularly conferred, and Holman, the purchaser, in the absence of knowledge or notice to the contrary, had a right to assume that the record correctly recited the facts, and that the authority was formally given at a meeting of the board. Aside from these considerations, the transaction had been completed, the money had been paid, the property had changed hands; all having been done with the knowledge and consent of those in whom the ultimate authority rested, and from whom the board of directors derived its power, the transaction, however irregular, is not open to attack by any one other than the state. (*Building Association v. Martin*, 39 Kan. 750, 18 Pac. 941; *Town Co. v. Swigart*, 43 id. 292, 23 Pac. 569; *Town Co. v. Morris*, 43 id. 282, 23 Pac. 569; *National Bank v. Shumway*, 49 id. 224, 30 Pac. 411; *Town Co. v. Fletcher*, 46 id. 524, 26 Pac. 951; *Railroad Co. v. Johnson*, 58 id. 175, 48 Pac. 847; *Bank v. Provident Institution*, 59 id. 361, 53 Pac. 131; *Parkinson v. Bank*, 60 id. 474, 57 Pac. 126.)

Faunie L. Holman was the real party in interest, and the action of the court in allowing her to intervene and set up her rights in the premises was proper. It was competent for her to show that she was the sole party interested in the purchase, and that her husband, who had acted for her in making the purchase,

paid no part of the consideration and had no interest in the property.

The measure of damages stated by the court, and to which an objection is made, appears to fall within the rule announced in *Carson, Sheriff, v. Golden*, 36 Kan. 705, 14 Pac. 166, and furnishes no ground for reversal.

An attempt has been made to raise questions on instructions requested but which were refused. It appears that the requested instructions were not signed as the code requires. It is provided that such instructions be reduced to writing, numbered and signed by the party asking them, and delivered to the court. (Gen. Stat. 1897, ch. 95, § 285; Gen. Stat. 1899, § 4538.) This is a plain provision of the code and cannot be safely overlooked. The failure to give a requested instruction not signed as the statute requires is not assignable as error. (*Douglas v. Geiler*, 32 Kan. 499, 4 Pac. 1039; *Tays v. Carr*, 37 id. 141, 14 Pac. 456; *Craig et al. v. Frazier et al.*, 127 Ind. 286, 26 N. E. 842; *Texas & Pac. Ry. Co. v. Mitchell*, 26 S. W. [Tex. Civ. App.] 154.) Our examination of the requested instructions satisfies us that, even if they were open to consideration, they would furnish no grounds for reversal. The charge of the court fairly presented the case to the jury, and we see no reason to disturb the verdict or judgment.