J. C. FARRAR *et al.* v. J. E. MCNAIR *et al.*

No. 12,512. (69 Pac. 167.)

SYLLABUS BY THE COURT.

PRACTICE, DISTRICT COURT—*Refusal to Give Special Instruction—Irregular Request.* It is not error for a trial court to refuse to give special instructions which are not written out, numbered or signed by the party, or his attorney, as required by section 275 of the civil code (Gen. Stat. 1901, § 4722). (*Morisette v. Howard*, 62 Kan. 463.)

Error from Comanche district court; FRANCIS C. PRICE, judge. Opinion filed June 7, 1902. Affirmed.

*John W. Davis*, and *Edwin A. Austin*, for plaintiffs in error.

*H. J. Bone*, for defendants in error.

The opinion of the court was delivered by

GREENE, J.: This was replevin brought in the district court of Comanche county by plaintiffs in error against the defendants in error to recover the possession of 170 head of cattle. The defendants recovered judgment, and plaintiffs prosecute error to this court.

This litigation grew out of a contract entered into between the plaintiffs and defendants in the fall of 1898, by which plaintiffs delivered to defendants 1150 head of one- and two-year-old Arizona steers. Defendants agreed to care for said steers from the time of their arrival, and to feed them Kafir-corn, sorghum, hay, etc., at such times and in such quantities as would carry them through the winter in a strong and thriving condition, and to return all cattle received, except those that should die during the winter from natural causes, and pay $27.50 per head for all others they would be unable to deliver. For such services the defendants were to receive $2.50 per head for feeding the cattle so returned.

The defendants refused to return the cattle in question, but retained them for a balance of the unpaid feed bill claimed to be due them.

The plaintiffs below contended that, by reason of lack of feed and care, 170 head of cattle starved or otherwise perished; that they were entitled to credit on the feed account for the value of those so lost at the rate of $27.50 per head, and, if so credited, defendants were fully paid.

The defendant contended that these cattle not re-

turned died from natural causes, and therefore they were not responsible.

A mass of conflicting evidence was introduced on both sides to maintain the issues thus joined. The first alleged error is that the issues were not joined ten days before the convening of the court at which plaintiffs were compelled to go to trial; that they were not prepared, and were prejudiced thereby.

The action was commenced so recently before the convening of the court at which it was tried that, had the defendants taken the full time allowed to answer, the cause would not have been at issue ten days prior to the convening of that term of court. The defendants, however, waived this right as to time and answered immediately; thus the issues were made up more than ten days before the convening of the court. The issues having been joined more than ten days before the convening of the court, the cause was properly triable at that term. No other reason having been assigned why the cause should not have been then tried, the court in this respect committed no error.

While testifying, one of the plaintiffs was asked: "You may state if these cattle were fed a sufficient quantity of feed to bring them through the winter in a good, strong and thriving condition." To this an objection was made for incompetency, and was sustained. This is alleged as error. This witness resided in Kansas City, was not at the place where the cattle were kept, and did not see them but once, and only for a short time, between the time they were delivered to defendants and the time when they were returned in the spring. For this reason he did not show himself qualified to testify upon this question, and the objection was properly sustained.

There are other errors complained of in the ruling

of the court in sustaining objections to evidence offered by plaintiffs and in overruling objections made to questions asked of witnesses for defendants. On an examination, we find that no prejudicial error was committed in this respect.

It is also claimed that the court erred in refusing to permit a second counsel to cross-examine one of the witnesses for the defendants. The conduct of a trial is largely within the discretion of the trial court. In this instance there is no reason assigned why it was necessary for the second counsel to engage in this cross-examination. There is nothing in the record showing that the counsel who had conducted a part of the cross-examination was not familiar with the cause and competent to pursue the cross-examination to the end. In the absence of such showing, or that the plaintiffs were prejudiced thereby, this court cannot say this was an abuse of discretion.

Error is predicated on the giving of instructions. We think the instructions given, so far as they go, fairly state the law and are confined to the facts in issue.

Another error complained of is the refusal of the court to give the special instructions asked by the plaintiff, especially the following :

"The burden of proof is on the plaintiffs to prove the issues and claims made by them by a preponderance of the evidence ; that is, that they are the owners of said cattle and are entitled to the immediate possession thereof. But by the terms of the contract the defendants are to assume the burden of proof and prove that all cattle which have died during the time said cattle were in their possession were lost from causes other than from want of proper feeding."

We think this instruction states the law correctly and should have been given. If the instructions had

been signed by the parties as required by section 275 of the code (Gen. Stat. 1901, § 4722), a refusal to give this would have been reversible error. The instructions were not signed and this court will presume they were refused for such reason. (*Morisette v. Howard*, 62 Kan. 463, 63 Pac. 756.)

Complaint is also made of the conduct of counsel for defendants, consisting of prejudicial statements made by him to the jury in his argument of the cause. If these statements were prejudicial, and affected materially and substantially the rights of plaintiffs, it would be good cause for a new trial.

The statement complained of is : "Gentlemen of the jury, you should return a verdict for McNair, and enable him to pay for the feed he has put into these cattle and to pay the men employed by him."

We are unable to see how this statement affected materially the substantial rights of the parties. It certainly could not have been accepted by the jury as a reason why they should return a verdict for the defendants, and while it was not a proper statement to make and the court should have withdrawn it from the jury, it is not of such material and substantial character that this court could say it probably influenced the jury to the prejudice of the rights of plaintiff.

An application was made to set aside the sixth and seventh special findings of the jury for the reason that there was no evidence to sustain such findings. These findings are within the issues joined by the pleadings and are questions of fact, upon which contradictory evidence was submitted at the trial. The jury, who heard this evidence and who were competent to determine the weight and credibility to be given the testimony, found on these questions.

Under the rule long established by this court, we may not now enter into an examination of the testimony to determine upon which side it preponderates.

The judgment of the court below is affirmed.

SMITH, POLLOCK, JJ., concurring.