## McCORMICK v. THE C., R. I. & P. R. COMPANY.

1. **Practice in the Supreme Court:** ASSIGNMENT OF ERROR: PRACTICE. An assignment of error in the form that the "court erred in overruling defendant's motion for a new trial" is not sufficiently specific to enable appellant to take advantage of an error which consisted in the mention, in the argument of counsel, of an offer of settlement and its amount, when the motion for new trial was based upon twelve different grounds.

2. **Trespass:** RAILROADS: TITLE. In making proof of title in an action of trespass to the realty, when the title is put in issue, if the plaintiff puts in evidence the deed only of his immediate grantor, and the grantor is not the United States, he should show further that he is in possession under the deed.

3. **Damages:** RAILROADS: CONTRIBUTORY NEGLIGENCE. In an action against a railroad company for damages for loss caused by the latter's negligence, an instruction to the effect that plaintiff could recover if he showed by a preponderance of evidence that the loss resulted from the negligence of defendant was defective in failing to instruct the jury that plaintiff could not recover if his own negligence contributed to the loss.

*Appeal from Louisa Circuit Court.*

MONDAY, DECEMBER 10.

ACTION to recover for injury to the plaintiff's hogs by running over them, and for injury to his grass, fence and corn by setting out a fire whereby the same were burned, which injury was done, in part, prior to the act in relation to setting out fires. Code, § 1289. The facts are stated in the opinion. Judgment for plaintiff. Defendant appeals.

*Cook & Richman,* for appellant.

*D. C. Cloud,* for appellee.

ADAMS, J.—I.   Previous to the trial an offer of judgment was made by the defendant under section 2900 of the Code.

1. PRACTICE in the supreme court: assignment of error: practice.   Upon the trial the fact of the offer and the amount offered were mentioned to the jury and commented upon by the plaintiff's counsel.   The defendant's counsel interposed an objection, and the court instructed the jury to disregard the statement.   It is evident that after the fact of the offer and the amount thereof had been communicated to the jury no instruction of the court could remove from their minds the knowledge thus acquired.   The defendant had a right to a trial by a jury destitute of such knowledge. Whether, in such case, the party who is thus prejudiced should object to proceeding further with the trial, or whether he may take the chance of a verdict in his favor, and if it is against him may properly claim that it is vitiated by the misconduct, we need not determine.   In this case, while the defendant moved for a new trial on the ground of the misconduct, no error upon the point is properly assigned.   There is, to be sure, an assignment in these words:  "The court erred in overruling the defendant's motion for a new trial."   But the motion for a new trial was based upon twelve different grounds.   The Code, section 3207, provides that the assignment must, in a way as specific as the case will allow, point out the very error objected to.   This the assignment did not do.   The question, therefore, as to whether the misconduct vitiated the verdict is not properly raised.

II.   The plaintiff seeks to recover for injury to his premises. To prove that he owned the premises, he introduced in evi-

2. TRESPASS: railroads: title.   dence a deed from one Weed, his immediate grantor.   The defendant objected to the evidence as insufficient, but the objection was overruled.

The evidence was certainly admissible.   It was an element in the plaintiff's proof.   The fact that standing by itself it was not sufficient to show title would not have justified its rejection.   If no other evidence of title was offered, the defendant should have asked an instruction that the plaintiff's title was not proven, but no such instruction was asked.   It is true in the instructions given the court assumed that the title was

proven, but no exceptions appear to have been taken to the instructions upon that ground.

As the case must be remanded for another trial for reasons hereinafter set forth, it is proper that we should say that a person in possession of real property may, as against a stranger to the title, recover without title for an injury done to his possessory interest. The owner of real property, although not in possession, may recover for an injury done to his reversionary interest. Where a person unites in himself both title and possession, he may recover for the whole injury done. In making proof of title in an action of trespass to the realty, when the title is put in issue, if the plaintiff puts in evidence the deed only of his immediate grantor, and the grantor is not the United States, he should at least show that he is in possession under such deed. The deed alone would be insufficient.

III. The court instructed the jury that to entitle the plaintiff to recover, he should "prove by a fair preponderance of 3. DAMAGES: evidence that the fire was caused by the negligence railroads: con- of the defendant." The court omitted to add that tribu.ory neg- ligence. it should also appear that the plaintiff did not by his own negligence contribute to the injury. The giving of the instruction is assigned as error.

It will be observed that the court did not say that the plaintiff would be entitled to recover upon proof merely of the defendant's negligence. It said that proof should be made of defendant's negligence, which is of course correct. Had the defendant asked an instruction that plaintiff should also prove that he was free from negligence, the instruction could not have properly been refused. It is insisted by the plaintiff that no such instruction having been asked, and the instruction given being correct as far as it went, it is not subject to the plaintiff's objection. The instruction, however, carried an implication that the plaintiff would be entitled to recover upon proving the defendant's negligence. It would, we think, ordinarily be so understood by a jury. In giving the instruction, therefore, as to the defendant's negligence as a ground of recovery without adding the other necessary element, the absence of contributory negligence on the part of the plaintiff,

we think the court erred.  In *Kesee v. The Chicago & North-western R. R. Co.*, 30 Iowa, 78 (84), an instruction was held to be not only affirmatively erroneous, but "fatally defective in that it did not submit to the jury the question whether the plaintiff by his negligence contributed to the loss."

IV.  It is insisted by the defendant that the verdict is contrary to the evidence.  No error is assigned upon this point, and no question with reference to it, therefore, is before us.

REVERSED.