CHICAGO, BURLINGTON AND QUINCY RAILROAD COMPANY

v.

JAMES D. HOUSH.

1. CONTRIBUTORY NEGLIGENCE—INSTRUCTIONS SHOULD NOT IGNORE SUCH DEFENSE, WHEN FAIRLY PRESENTED.—Where evidence, which was conflicting, fairly presented the question of contributory negligence, it was error for the court, in an instruction, to ignore that defense, and the error is not corrected by other instructions presenting an accurate statement of the law.

2. INSTRUCTIONS MUST NOT BE AMBIGUOUS.—An instruction which is so ambiguous as to admit of two entirely different constructions, is erroneous.

APPEAL from the Circuit Court of Knox county; the Hon. ARTHUR A. SMITH, Judge, presiding. Opinion filed December 28, 1882.

Mr. O. F. PRICE, and Messrs. WILLIAMS & LAWRENCE, for appellant; that the cattle unlawfully at large upon the highway were trespassers upon appellant's right of way, cited R. S. Ill. 1874, Chap. 8, § 1.

It was error to give an instruction asserting a right of recovery, without stating the rule of comparative negligence: C. B. & Q. R. R. Co. v. Harwood, 80 Ill. 91; C. B. & Q. R. R. Co. v. Payne, 49 Ill. 499; C. B. & Q. R. R. Co. v. Lee, 60 Ill. 502; I. C. R. R. Co. v. Maffit, 67 Ill. 435; Ill. Linen Co. v. Hough, 91 Ill. 67; W. R. R. Co. v. Henks, 91 Ill. 411; C. & A. R. R. Co. v. Pennell, 94 Ill. 453.

Where evidence is conflicting, instructions should be clear and accurate: Ruff v. Jarrett, 94 Ill. 480; Stratton v. C. C. Horse R'y Co. 95 Ill. 32; Am. Ins. Co. v. Crawford, 89 Ill. 63; T. W. & W. R'y Co. v. Grable, 88 Ill. 443; I. & St. L. R. R. Co. v. Blackman, 63 Ill. 120; C. & N. W. R. R. Co. v. Clark, 70 Ill. 279; C. & N. W. R. R. Co. v. Dimick, 96 Ill. 46; Cushman v. Cogswell, 86 Ill. 62; Shaw v. People, 81 Ill. 151; T. W. & W. R'y Co. v. Moore, 77 Ill. 222.

It is immaterial that other instructions stated the law accurately, as it is not known whether the jury acted upon the correct

or erroneous instructions: Volk v. Roche, 70 Ill. 299; Morris v. Gleason, 1 Bradwell, 516; Mendota v. Fay, 1 Bradwell, 421; O. O. & F. R. R. Co. v. McMath, 4 Bradwell, 359.

Mr. A. L. HUMPHREY, for appellee; cited R. S. Ill. 1877, Chap. 114, § 57; Indianapolis & St. L. R. R. Co. v. Stables, 62 Ill. 313.

A case should not be reversed, where the court are satisfied the same verdict would be rendered under a proper instruction: Indianapolis & St. L. R. R. Co. v. Peyton, 76 Ill. 340.

PLEASANTS, J.   In the circuit court, on appeal from a justice of the peace, there was a judgment upon a verdict against appellant for $37 damages for killing a steer of appellee, who was plaintiff there, on a crossing of a public highway over its railroad.

The evidence, which was conflicting, fairly presented the question of contributory negligence on the part of the plaintiff; but this defense was ignored by the first instruction given on his behalf, which was as follows:

"The court instructs the jury for the plaintiff that under the law of the State it was the duty of the railroad company to construct and maintain the crossing where the property in question was destroyed, if the proof shows said property was destroyed on a public crossing over the road of the defendant, and also to keep and maintain approaches to said crossing so that at all times they shall be safe as to persons and property, and if you believe from the evidence that by reason of the existence of an embankment on the defendant's road adjacent to said crossing caused by defendant, a view of the approaches to said crossing was obscured so that animals approaching said crossing could not be seen, and that in consequence thereof and by the negligence of the defendant the property in question was run upon by defendant's train and killed, then you will find for the plaintiff."

It has been often held that in a case like this such an error is not cured by other instructions presenting an accurate statement of the law:   C. B. & Q. R. R. Co. v. Howard, 80 Ill. 91; The Illinois Linen Co. v. Hough, 91 Id. 67.

It appears that the second instruction for the plaintiff was as follows: "The court further instructs the jury for the plaintiff, if you believe from the evidence that the train of the defendant was run upon the steer of plaintiff upon a public crossing by reason of the employes of the defendant neglecting to sound a whistle or to ring a bell at a point at least eighty rods from such crossing, or as the result of such signal or alarm, and that the defendant or its employes were guilty of gross negligence, and the negligence of the plaintiff was slight as compared to that of the defendant, then you should find for the plaintiff."

From this it would be understood that the gross negligence here intended might consist as well in either the giving or in failing to give the alarm required by the statute, as the fact might be found to be—an error so patent to the mind of a lawyer as to arouse a suspicion of the accuracy of the transcript, but which an intelligent juror uninformed as to the statute, to which no reference is made, might not perceive.

For the giving of these instructions the judgment must be reversed and the cause remanded.

Reversed and remanded.