## THE KNICKERBOCKER ICE COMPANY
## v.
## PETER DeHAAS.

*Master and Servant—Personal Injury—Negligence of Master—Vicious Horse—Evidence—Instructions.*

1.  No complaint can be made of an omission to instruct upon a particular point, where no instruction is asked thereon.

2.  An instruction, ignoring an important element proper and necessary to be considered in view of the evidence in a given case, should not be given.

3.  Nor one containing a statement which invades the province of the jury.

4.  In an action brought by an employe to recover from his employer for personal injuries resulting from the kick of a horse alleged to have been vicious, it being claimed that the managing agent of the defendant knew him to be vicious, this court holds that evidence touching his docile conduct after the injury was properly excluded, and that on account of the giving of an erroneous and misleading instruction, the judgment for the plaintiff can not stand.

5.  It seems that a servant can not recover from his master for a personal injury suffered through disobeying the latter's orders, when, had he obeyed them, he would not have been hurt.

[Opinion filed July 9, 1890.]

APPEAL from the Superior Court of Cook County; the Hon. JOHN P. ALTGELD, Judge, presiding.

Messrs. ULLMAN STRONG and HORACE H. MARTIN, for appellant.

Appellee's injuries were due to his disobeying appellant's orders not to ride on the scraper. It is a well settled principle of law that if a servant receive an injury in his master's service due to his disobeying his master's orders he can not recover from the master. The fact that the servant disobeyed the orders, and that such disobedience caused the injuries, is conclusive to show his want of ordinary care. If the fact of disobedience appears, and the disobedience materially con-

tributed to the accident, the further question can not be sub-
mitted to the jury whether or not, in their opinion, the
employe was guilty of contributory negligence; for the mas-
ter has the right to regulate his own business and the mode
of carrying it on, and his servants must obey him or leave the
employment.    These principles are supported by many author-
ities.    Beach on Cont. Neg., Sec. 141; R. R. Co. v. Jones, 95
U. S. 439; Shanny v. Androscoggin Mills, 66 Me. 420; R. R.
Co. v. Thomas, 51 Miss. 637; R. R. Co. v. Ryan, 33 Am. &
Eng. R. R. Cas. 289; Sedgwick v. R. R., 73 Iowa, 158; Wol-
sey. v. R. R., 33 Ohio St. 227; Darracutts v. R. R., 2 South
East. Rep. 511; Lockwood v. R. R., 45 Wis. 50.

The trial judge erred in his rulings on the instructions.

The lower court refused all our instructions, and gave one
long instruction of its own.    It wholly ignored two of our
defenses, viz.:    (1.) That appellee was riding on the scraper
in disobedience to orders.    (2.) That appellee, before the acci-
dent, knew that the horse was vicious (if it was vicious), and,
notwithstanding such knowledge, continued to work with it,
and thereby assumed the risk.    There can be no question that
either one of the defenses, if established, was conclusive
against plaintiff's right to recover.

Mr. I. T. GREENACRE, for appellee.

MORAN, J.    This action was brought to recover damages
caused to the plaintiff, a boy about seventeen years of age, by
his being kicked by a horse with which he was working, and
which horse, it is alleged, was known to the managing agent
of appellant, to be vicious.    At the time of the accident the
plaintiff, with two grown men, was at work with an ice
scraper on appellant's ice field.    The scraper was drawn by a
team of which the alleged vicious horse was one, the team
being driven by one of the grown men.    The foreman called to
plaintiff and his two companions to come over to the other
side of the ice field and scrape the ice where it was being cut.
They started to the place as directed, the scraper being turned
upside down, and plaintiff and one of his companions riding
upon it.    The horses got beyond control of the driver, and the

alleged vicious horse in some manner kicked plaintiff in the head, inflicting upon him very serious, permanent injury.

There is much conflict of evidence in the case, on the question as to whether the horse was in fact vicious, and whether he was known to be so to appellant's foreman or manager, and also if his kicking propensity, if any he had, was known to plaintiff, and indeed, upon several material questions of fact, which, in the view we take of the case on this appeal, it is unnecessary to state or discuss.

Evidence was introduced on the part of appellant tending to show that appellee had been ordered not to ride on the scrapers when they were turned over, as it was dangerous, and that such riding on scrapers was forbidden; and there was evidence tending to show that one thus riding was brought close to the heels of the horses, and that the pressure of the scraper on the tongue had a tendency to press it down upon the horse's ankles.

The court on the trial refused all the instructions asked by appellant and appellee, and gave one general instruction prepared by the court and intended to cover the case. Appellant complains that the court in said instruction did not tell the jury that if appellee was riding on the scraper, contrary to the orders of appellant, at the time he was hurt, and by being there was hurt, when if he had obeyed orders he would not have been hurt, he could not recover. To sustain their contention that such is the rule of law, counsel for appellant cite R. R. Co. v. Jones, 95 U. S.—; Shanny v. Androscoggin, 66 Me. 420; I. C. R. R. v. Houck, 72 Ill. 285; Abend v. R. R. Co., 111 Ill. 201, and many other cases that seem to support their proposition. The counsel did not, however, ask the court to instruct the jury on this point, and the court's instruction is so drawn that it can not be said to enumerate the elements necessary to a recovery, and to ignore this question. The instruction directs a verdict only, if the jury find that, " at the time of the accident the plaintiff was exercising ordinary care for his safety, and that the defendant was guilty of negligence, as charged in the declaration, and that this negligence caused the accident." It is not error for the court to

omit to instruct on a particular point where no instruction is asked on such point.

But the court did instruct on this point of riding on the scraper in such a manner as is in our opinion erroneous and misleading. The jury were told: "You are instructed that the fact that plaintiff was riding on the scraper at the time of the accident will not alone prevent a recovery, but you will consider this fact in determining whether or not the plaintiff was exercising ordinary care at the time he was hurt."

It is difficult to understand what the court meant by this proposition. There was evidence tending to show that it was dangerous to ride on the scraper. That is, it brought the rider so near the heels of the horses, that if one of them kicked from any cause the rider would be within reach and likely be hit. So that the fact alone that the plaintiff was riding on the scraper, might constitute negligence or lack of ordinary care, and thus be sufficient to prevent a recovery.

It was in this view a question for the jury and not for the court, and the statement that it would not alone prevent a recovery was an invasion of the province of the jury. The latter clause, telling the jury to consider it in determining whether plaintiff was exercising ordinary care, does not cure the error. It rather carries the inference that other facts besides the fact of riding were necessary to show a lack of ordinary care.

If the intention was to tell the jury that the fact of riding in disobedience of orders would not prevent a recovery, then the statement was not sound as a rule of law, to be given where there was evidence tending to show that the violation of the order brought appellee into a place of danger, and thus made the injury to him possible, which, if the order had been obeyed, would have been impossible.

The statement considered in this view ignores the disobedience entirely, and thus took from the jury an important element, proper and necessary to be considered in view of the evidence in the case. The difficulty in ascertaining what was in fact meant by the court is a sufficient demonstration of the misleading and confusing nature of the proposition. As the

case will go back for another trial, several errors, which are shown by the record, but which are not likely to be repeated, will not be noticed.

It is urged that the court erred in not admitting evidence tending to show the docile conduct of the horse subsequent to the accident, to rebut the claim that he was vicious, and that appellant had notice of the fact.

In this there was no error.    The conduct of the horse after the accident was not material in any view of the case.    Vicious disposition and knowledge thereof by the defendant before the accident, must concur in order to sustain the action.

Viciousness subsequent to the accident is of no avail to the plaintiff, and gentleness after the injury is no shield to the defendant.

The judgment will be reversed and the case remanded.

*Reversed and remanded.*