OMAHA & COUNCIL BLUFFS RAILWAY & BRIDGE COMPANY
v. ROSA LEVINSTON, ADMINISTRATRIX.

FILED JUNE 16, 1896.    No. 6665.

1. **Death by Wrongful Act:** ACTION FOR DAMAGES: VERDICT FOR
   PLAINTIFF.  Evidence examined, and *held* sufficient to sustain the
   verdict.

2. **Instructions.**  If an instruction construed as a whole states the law
   correctly as applied to the evidence in the case, it is not erroneous,
   although a portion thereof taken separately may not have been
   accurate.

3. **Negligence:** INSTRUCTIONS: STREET RAILWAYS.  While it is not gen-
   erally proper to group together certain facts and state to the jury
   that if they are found to exist they constitute negligence, still it
   is not reversible error to do so provided the facts so stated are
   such as to induce an inference of negligence in all reasonable
   minds.

ERROR from the district court of Douglas county.
Tried below before KEYSOR, J.

*Connell & Ives,* for plaintiff in error.

*Cowin & McHugh, contra.*

IRVINE, C.

This was an action by Rosa Levinston, as administra-
trix of her husband, Karl Levinston, deceased, to recover
for injuries causing the death of the decedent.  The
plaintiff in error operates a line of street railway between
and through the cities of Omaha, Nebraska, and Council
Bluffs, Iowa.  It is conceded that Karl Levinston was
on the night of May 1, 1890, a passenger on one of the
trains of the railway company, boarding the train in
Council Bluffs and being transported to Omaha.  The
train consisted of a closed motor car and an open trailer.
After the train crossed Tenth street, in Omaha, Levinston
fell therefrom and was run over by the trailer.  Injuries
were inflicted from which he died some days later.  The

6

plaintiff in the district court pleaded that the injuries resulted from the negligence of the railway company in not stopping long enough at the Tenth street crossing to permit all the passengers desiring to alight to do so; and in starting its train while Levinston was in the act of alighting, with one foot on the step of the car and the other about to be placed on the pavement. The railway company denied these averments and pleaded contributory negligence. There was a verdict for the plaintiff. Only two assignments of error are presented for review. These are, first, that the verdict was not sustained by the evidence, in that there was certain uncontradicted evidence which required a verdict for the defendant, and second, that the court erred in one instruction.

Witnesses on behalf of the plaintiff testified to the effect that when the train reached Tenth street it stopped in such a position that the trailer was at or near the west line of Tenth street; that several passengers alighted and that Levinston, who had been seated in the front car, had reached the steps of the rear platform of the front car and was about to alight, when the conductor, who stood on the front platform of the trailer, gave to the motorman the signal to start, which was obeyed, and the train started when Levinston was in the act of stepping to the street; that he was thereby thrown under the wheels of the trailer. Witnesses on behalf of the defendant testify that Levinston made no movement to alight while the train was stopped at Tenth street, but after it had started, and while it was proceeding westward from Tenth street, he arose from his seat and leaped from the train while in motion. Whether the act of a passenger in endeavoring to alight from a street car while in motion, under the circumstances narrated by defendant's witnesses, would constitute so clear a case as to justify a peremptory instruction to find for the defendant we need not inquire, because as we view the evidence we think there was a conflict upon this point, and we shall review the case on the theory of the defendant, that if the facts were established

in accordance with the testimony of plaintiff's witnesses there could be no recovery. In pursuance of this theory the defendant contends that the uncontradicted testimony disclosed that when the train stopped at Tenth street the rear end of the trailer stood not farther west than the west crossing of the street; that Levinston was not dragged by the train more than six feet, and that when he was picked up he was from forty to sixty feet west of the crossing. It is argued from these facts that the testimony of the plaintiff's witnesses as to Levinston's endeavoring to alight while the train was stopped at the crossing could not possibly be true, and that he therefore must have jumped from the moving train after it had started. We cannot, however, accept the three postulates of the defendant as established without contradiction. It is true there is no evidence to show that the stop was made at any point farther west than would place the rear end of the trailer at the west crossing of Tenth street; and it is furthermore true that no witness testified that Levinston was dragged more than six feet. It is also true that most of the witnesses placed the point at which he was picked up more than forty feet west of the crossing. But there was evidence tending to show that the trailer was twenty feet long. Levinston fell from the rear platform of the motor car, which must have been a few feet west of the front platform of the trailer. He was then dragged about six feet, according to some of the witnesses. This would place him at a point about thirty feet west of the crossing, and one witness, at least, testifies that he was found only thirty to forty feet west of the crossing. It must be remembered that this occurred in the night-time, that men's opinions as to distance are not always accurate, and that a distance which some men might estimate as fifty feet others might not estimate as more than thirty. All the distances given were mere approximations and matters of opinion, and not of measurement and calculation. This remark is especially applicable to the evidence as to the distance which Levin-

ston was dragged by the car. Some witnesses say he was not dragged at all. One witness, at least, says that he may have been dragged six feet. There was necessarily no means of accurately determining this fact, and the circumstances were such that no witness could probably form a very accurate opinion on the subject. We think this opinion evidence entirely too open to doubt to permit us to give it such a controlling force as to constitute it an absolute demonstration of the falsity of other testimony which the jury must have believed in reaching its verdict. We can see in the case nothing except a question of conflicting evidence, the solution of which by the jury is final.

The instruction complained of is as follows: "It is conceded that the deceased, Levinston, was on the passenger train of the defendant company, a passenger to be carried from Council Bluffs to the city of Omaha. It was the duty of the employes of the defendant company, when it stopped at Tenth street for the purpose of allowing passengers to alight, to wait as long as it was necessary for all the passengers to alight, and to see to it that those who desired to alight at that point had an opportunity to do so; and if the conductor of the train failed to look at the front car, to see about the alighting of passengers and to know that all those who desired to alight had alighted; that the deceased, Levinston, was one of those who desired to alight and was in the act of alighting, and the conductor gave the signal to start forward before Mr. Levinston alighted, whether he saw him or not, and that by reason of the car starting forward before he had alighted, and by reason of the car starting forward the deceased, Levinston, fell and was injured, then your verdict should be in favor of the plaintiff for such damages as, under the instructions of the court elsewhere given, you find her entitled to." The portion of this instruction particularly complained of is that part which states it to be the duty of the defendant to see to it that those who desired to alight had an opportunity to do

so, and to know that all those who desired to alight had alighted. · When the whole instruction is considered, we do not think that it was erroneous. The jury was not told that it might base a verdict merely on the portions of the instruction of which complaint is made. The rest of the instruction showed that it was necessary, in order to charge the company, that the conductor should have failed to look at the front car to see about the alighting of passengers, and by that failure failed to know that those desiring to alight had done so; and furthermore, that Levinston must have been at that time in the act of alighting and the conductor must have given the signal to start before he alighted. An instruction of this character is always dangerous, and the practice of so framing instructions in negligence cases has been frequently disapproved. But it was the duty of the street railway company, as a public carrier of passengers, to exercise the highest degree of care for their safety. The proof showed that Levinston attempted to alight from the rear platform of the motor. The conductor was on the front platform of the trailer, and it was therefore practicable for him to observe Levinston's acts. If in that situation Levinston was in the act of alighting and the conductor, without seeing him and without taking precautions to see that all who by such acts or similar acts had shown an intention to alight had done so, caused the train to be started and the injury thereby resulted, we can see no room for any difference of opinion as to the inference to be drawn. Any reasonable mind must conclude under such a state of facts that the company did not exercise the highest degree of care of which human foresight and vigilance is capable. The instruction is not reasonably susceptible of the construction which the defendant places upon it of charging the conductor with notice of secret uncommunicated intentions on the part of the passenger to alight; and it was not erroneously prejudicial to the defendant.

JUDGMENT AFFIRMED.