## CHICAGO, R. I. & P. RY. CO. v. PITCHFORD.

No. 3044. Opinion Filed February 28, 1914.

On Rehearing, September 1, 1914.

Rehearing Denied November 10, 1914.

(143 Pac. 1146.)

1. TRIAL—Time for Trial—Extension—Filing of Motion. Under section 5834, Comp. Laws 1909 (section 5043, Rev. Laws 1910), a cause stands for trial whenever the issues have been made up for a period of ten days; and the subsequent filing

of a motion by plaintiff, directed to defendant's answer, but which is not filed within the time allowed for filing pleadings under the statute, does not revive the operation of the statute.

2.     **SAME—Postponement—Change in Pleadings.** When the issues have once been fully made up by the filing of pleadings, or by failure to file them, the provision of the statute mentioned in the foregoing paragraph has spent its force, and thereafter any change in the issues caused by the filing of new or amended pleadings by leave of the court or consent of the parties does not, by reason of said section, necessarily work a delay of the trial.

3.     **SAME—Motion to Strike Cause from Docket—Waiver of Exceptions.** Where a motion was filed by a defendant to strike a cause from the trial docket on the ground that the issues had not been made up for a period of ten days, as provided in section 5834, Comp. Laws 1909 (section 5043, Rev. Laws 1910), and the motion was overruled and exceptions were saved, but, on the day following the making of said order, the case came regularly on for trial, and the defendant, appearing by its attorneys, announced ready for trial, whereupon a jury was impaneled, and the case proceeded with, without further objection as to the time of trial, **held,** that defendant, by announcing ready for trial, waived its exceptions to the court's ruling in denying the original motion.

4.     **PLEADING—Necessity of Reply.** An answer to a petition charging negligence, which after a general denial further alleges that "if any injuries were sustained, which is not admitted but expressly denied, said injuries were the result of plaintiff's own negligence and want of care," pleads no new matter, and does not call for a reply.

5.     **NEGLIGENCE—"Negligence Per Se"—Violation of Public Duty.** As a general rule, the violation of a public duty, enjoined by law for the protection of person or property, constitutes negligence **per se.**

6.     **SAME—What Constitutes—Omission of Prescribed Duty.** Where the circumstances of a case are such that the standard of duty is fixed and defined by law, and is the same under all circumstances, the omission of this duty is negligence.

7.     **CARRIERS — Injury to Alighting Passenger — "Negligence Per Se."** The sudden starting of a train from which an elderly female passenger was in the act of alighting, the train's movement being directed by a brakeman of said train, who was assisting passengers to alight, and who at the time saw said elderly passenger on the car steps, and whereby and on account of said starting of the train, and the act of the brakeman in jerking said passenger from the steps, said passenger was caused to fall to the station platform, and sustain serious injury, constitutes negligence **per se,** and the railway company is liable for the injuries sustained, the proximate result of its negligent acts.

Opinion of the Court.

8.   **APPEAL AND ERROR—Verdict—Excessive Recovery.** A verdict will not be set aside, in a case of tort, for excessive damages, unless it clearly appear that the jury committed some gross and palpable error, or acted under some improper bias, influence, or prejudice, or totally mistook the rules of law by which the damages are regulated.

### On Rehearing.

9.   **APPEAL AND ERROR—Trial—Ground for Reversal—Contributory Negligence—Instructions.** In an action for damages for personal injuries, where the defense of contributory negligence is interposed, and there is testimony fairly tending to establish such defense, instructions which wholly leave out of view the question of plaintiff's contributory negligence, and under which the jury, if they found certain facts to exist, would be bound to find for the plaintiff although they might also believe the plaintiff by her negligence contributed directly to the accident, are erroneous, and constitute reversible error.

(Syllabus by Sharp, C.)

*Error from District Court, Le Flore County;*

*Malcolm E. Rosser, Judge.*

Action by Jane Pitchford against the Chicago, Rock Island & Pacific Railway Company. Judgment for plaintiff, and defendant brings error. On rehearing, reversed and remanded.

*C. O. Blake, H. B. Low, R. J. Roberts, W. H. Moore,* and *Jas. L. Hale,* for plaintiff in error.

*Jo Johnson,* for defendant in error.

Opinion by SHARP, C. Plaintiff's original petition was filed October 14, 1910. On November 7th following, defendant filed its motion to require plaintiff to make more definite and certain her petition, which motion was in part sustained on November 29, 1910, and plaintiff was given leave to amend by interlineation, which was done. On December 1st defendant filed its answer, consisting of a general denial, and a separate and additional paragraph charging in general terms contributory negligence. On March 11, 1911, the plaintiff filed her motion to require defendant to make more specific the second paragraph of its said answer, which charged:

"That, if any injuries were sustained, * * * said injuries were the result of plaintiff's own negligence and want of care."

Thus the pleadings stood when the case was called for trial on April 18th following, at which time plaintiff obtained leave to withdraw her motion. Thereupon defendant obtained leave to file its motion for judgment on the pleadings, on account of the failure of plaintiff to file a reply, which motion was overruled. Defendant then filed its motion to strike the cause from the trial docket on the ground that the issues had not been made up for a period of ten days, as provided in section 5834, Comp. Laws 1909 (section 5043, Rev. Laws 1910), but that instead said action had been pending on an issue of law, namely, plaintiff's motion to require defendant to make its answer more definite and certain. This motion was denied, and defendant excepted. On the day following, the case being called for trial, the following proceedings were had:

"Now on this the 19th day of April, 1911, the same being one of the regular days of the April, 1911, term of the district court of Le Flore county, Okla., there coming on regularly for trial this cause, wherein Mrs. Jane Pitchford is plaintiff and Chicago, Rock Island & Pacific Railway Company is defendant, the plaintiff appearing in person and by her attorney, Jo Johnson, and the defendant appearing by its attorneys, W. H. Moore and James H. Hale, and each announcing ready for trial. Whereupon came a jury of twelve good and lawful men, to wit, J. L. Williams, foreman, and eleven others, and, after the plaintiff and defendant had stated their respective cause to the jury, the plaintiff and defendant each introduced evidence as follows:"

Trial was then regularly proceeded with, without further objections as to the time of trial. As has been seen, over three months elapsed between the time that defendant had filed its answer and the filing of the plaintiff's motion to make defendant's answer more definite and certain. In *Rice & Floyd v. Hodge Bros.*, 26 Kan. 164, construing a somewhat similar statute, it was held by the Supreme Court of Kansas that when the issues had been once made up by the filing of pleadings, or the failure

to file them, the case was, under paragraph 315 of the Code of that state, triable at any term commencing more than ten days thereafter, and any subsequent change in the issues, made by filing new or amended pleadings by leave of the court, or consent of the parties, did not render said section of the Code again operative and make further postponement compulsory.    See, also, *Gapen v. Stephenson,* 18 Kan. 140.

Construing the early statute of this state (section 4205, St. Okla. 1893) in *Swope et al. v. Burnham,* 6 Okla. 736, 52 Pac. 924, the territorial Supreme Court, citing *Rice & Floyd v. Hodge Bros., supra,* said:

"* * * While, under the amended section, the cause is triable whenever the case was, or should have been, under the time fixed for the filing of pleadings, at issue ten days before the first day of the term, or within the ten days, or during the term. Under neither the original nor the amended section, however, is the time when a case is triable determined by the filing of the last pleading, or in any way affected by the filing of amended pleadings. This provision of the statute had spent its force when, under the original section, the case was at issue, under the time fixed for the filing of pleadings, ten days before the first day of the term, or, under the amended section, when ten days had elapsed after this stage of the case. The operation of this provision, under which a party might delay the trial of a cause for ten days from the time it was, or would be, properly at issue, under the Code, was not revived by the filing of amended pleadings."

The rule there announced is not in conflict with the decisions of this court in *City of Ardmore v. Orr,* 35 Okla. 305, 129 Pac. 867, and *Conwill v. Eldridge,* 35 Okla. 537, 130 Pac. 912. In the former case the defendant was, over his objection, forced to trial on the same day that his demurrer was overruled, and on which his answer was filed, while in the latter case the objection that the case had been prematurely set for trial was held to have been waived by a failure to object. In *Title Guaranty & Trust Co. v. Turnbill,* 40 Okla. 294, 137 Pac. 1178, the motion to continue on the ground that the issues were not made up until

that day, and that said cause did not stand for trial until ten days had elapsed therefrom, was overruled, and over the protest of plaintiff in error it was required to proceed to trial, and it was held that, under the state of the record, reversible error had been committed. Here plaintiff's time for filing additional pleadings, without leave of court, had expired several months prior to the filing of her motion. In fact, it does not appear that leave of court to file plaintiff's motion was ever obtained. It is not the purpose of the statute nor the policy of the courts to delay the trial of actions for a greater length of time than such as is provided for making up the issues and to enable the parties to prepare for trial. The issues of fact, then, had been made up from December 1, 1910, when defendant filed its answer. The filing out of time of plaintiff's motion to make more definite and certain the second paragraph of defendant's answer did not serve to postpone the time at which the action was triable under the statute. When the issues are once made up by the filing of pleadings or the failure to file them, the case, under section 5834, *supra,* is triable at any time more than ten days thereafter. In the instant case, however, it is patent that, by announcing ready for trial on the day following the overruling of its motion to strike the cause from the trial docket, defendant waived the right to further object to the court's action in overruling its motion.

It is next urged that the court erred in overruling defendant's motion for judgment on the pleadings. The ground urged is that plaintiff had filed no reply to defendant's answer, pleading, in general terms, plaintiff's contributory negligence. The precise question was before the court in *Enid City Railway Co. v. Webber,* 32 Okla. 180, 121 Pac. 235, Ann. Cas. 1914A, 569, where it was held that such an answer stated no new matter, was in fact merely a general denial, and required no reply. Following the rule announced in that case, it was not error to deny defendant's motion for judgment on the pleadings. Nor is the latter case affected, as claimed by plaintiff in error, by the sub-

sequent opinion of this court in *Clemens v. St. Louis & S. F. R. Co.*, 35 Okla. 667, 131 Pac. 169. The only question of pleading there involved was that a plea of contributory negligence, contained in an answer, did not admit the primary negligence upon which plaintiff predicated her cause of action, and that in an action for personal injuries, where the defendant filed a general denial, and at the same time alleged contributory negligence, the latter allegation was not an admission of negligence whereby proof of negligence was made unnecessary, or that the issues were limited to that of contributory negligence.

It is next insisted that the court, in giving instructions numbered 4 and 5, invaded the province of the jury, and thereby instructed the jury, as a matter of law, that defendant company was negligent, and that its acts of negligence resulted in injury to the plaintiff. The only instructions requested by defendant were two peremptory instructions to return a verdict for the defendant. Various acts of negligence were charged in the petition, and there was evidence offered on the part of plaintiff that while she was standing on the platform on the end of the car, in the act of disembarking therefrom, one of the trainmen called "all aboard," and the train moved a short distance; that at this juncture plaintiff was jerked from the car by said trainman, and caused to fall on the station platform, whereby she was seriously and permanently injured.

The first instruction, the giving of which is urged as error, charged the jury that if they found from a preponderance of the evidence that the plaintiff was a passenger on defendant's train, and when she started to alight therefrom that the train was started and she was jerked or pulled from the train as charged in her petition, the jury should find for the plaintiff. The second instruction, to which objection is urged, further charged the jury that if they found from the evidence that plaintiff, while in the act of alighting, was jerked or pulled by the brakeman from the train in such manner as to cause her to fall and strike the platform in such way as to injure her, or if the train was started and plaintiff was thereby caused to fall, it would be the duty of

the jury to find for the plaintiff. It is insisted that the two instructions complained of in effect charged the jury that, if they found from the evidence that the train started while plaintiff was in the act of alighting, defendant would be liable, if on account thereof she was injured, without submitting the further question of defendant's negligence in starting the train, and that it resulted in injury to plaintiff. The first instruction given defined the issues; the second gave the law defining the duty of a railway company toward passengers in its charge, in which the jury was told, *inter alia,* that the railway company must use the utmost care and diligence for the safe carriage of its passengers, and to that end must exercise, for the safety of such passengers, the highest degree of care and caution consistent with the operation of its trains, and that a failure to exercise the degree of care enjoined by statute constituted negligence. Instruction No. 3 charged the jury that it was the duty of the railway company to hold its trains for a reasonable length of time to permit passengers to alight, and that where the attention of the servants or agents of the company had been called to the fact, or where they knew that the passenger was aged or infirm, it was their duty to assist such passenger in disembarking from the train. Instruction No. 6 concerned the amount of the verdict, if the jury found for the plaintiff. Instruction No. 7 directed that the burden of proof was upon the plaintiff to prove negligence on the part of the railway company, as well as to show the extent and amount of her damage.

It is a familiar rule of law that it is not essential that a single instruction should embody the entire law of the case, and the omission to state the entire law in one instruction is not error, if the omission is reasonably supplied elsewhere in the instructions, so that the charge, as a whole, fully and fairly applies the law relevant to the issues and proof; that, though some of the instructions may be incomplete, yet if they are not in conflict with others therein, and harmonize therewith, such additional paragraphs supplementing what was lacking in the other, and together stat-

ing the correct rule of law, the same will not operate as reversible error. *Chicago, R. I. & P. Ry. Co. v. Johnson,* 25 Okla. 760, 107 Pac. 662, 27 L. R. A. (N. S.) 879; *First Nat. Bank of Tishomingo v. Ingle,* 37 Okla. 276, 132 Pac. 895. The instructions complained of limit plaintiff's right of recovery to two grounds: The starting of the train while plaintiff was in the act of alighting, and the jerking or pulling of the plaintiff from the platform. The instructions are not above criticism, and, while those given and not complained of supplement instructions 4 and 5, yet it is doubtful if, when considered together, they are not subject to the charge made against them by plaintiff in error, unless it be upon the ground that the acts therein named constituted negligence *per se.* It is made the statutory duty of railroad companies to take, transport, and discharge passengers at, to, and from places on its line of railway, on the due payment of fare, and for their refusal or neglect to discharge passengers at the regularly appointed places, under the laws which regulate common carriers, such corporation shall pay to the party aggrieved all damages which shall be sustained thereby. Sections 1378, 1379, Comp. Laws 1909; sections 1411, 1412, Rev. Laws 1910. Independent of the transportation contract, it is thus made the duty of the carrier to afford the passenger a reasonable opportunity to alight from the train at her point of destination. *Choctaw, O. & G. R. Co. v. Burgess,* 21 Okla. 653, 97 Pac. 271, *St. Louis & S. F. R. Co. v. Cox,* 26 Okla. 331, 109 Pac. 511; *Midland Valley R. Co. v. Bailey,* 34 Okla. 193, 124 Pac. 987; *Ft. Smith & Western Ry. Co. v. Ford,* 34 Okla. 575, 126 Pac. 745, 41 L. R. A. (N. S.) 745; *St. Louis & S. F. R. Co. v. Davis,* 37 Okla. 340, 132 Pac. 337; *St. Louis & S. F. R. Co. v. Lee,* 37 Okla. 545, 132 Pac. 1072, 46 L. R. A. (N. S.) 357. The obligation is one enjoined upon railroads engaged in the carriage of passengers, independent of statute. Elliott on Railroads, sec. 1628; Hutchinson on Carriers, sec. 1118; Shearman & Redfield on Law of Negligence, sec. 509; Ray, Negligence of Imposed Duties, vol. 3, sec. 50.

Such being the duty imposed upon the carrier, both at common law and by statute, its liability for a failure to discharge such duty, where injury follows, is obvious. As a general rule, a violation of a duty enjoined by statute, enacted for protection of persons or property, is negligence *per se*. In such cases the courts, in instructing juries, assume that there was negligence, as a matter of law, provided the facts are undisputed, or charge them that the doing or omitting of a particular act was negligence. Thompson on Trials, sec. 1672; *International & G. N. R. Co. v. Wray*, 43 Tex. Civ. App. 380, 96 S. W. 74; *Karle v. Kansas City, etc., R. Co.*, 55 Mo. 476; *O'Donnell, Adm'r, v. Riter-Conley Mfg. Co.*, 124 Ill. App. 544; *Terra Haute & T. R. Co. v. Voelker*, 129 Ill. 540, 22 N. E. 20; *Omaha & C. B. R. Co. v. Levinston*, 49 Neb. 17, 67 N. W. 887; *Indianapolis St. Ry. Co. v. Brown*, 32 Ind. App. 130, 69 N. E. 407; *Crauf v. Chicago City Ry. Co.*, 235 Ill. 262, 85 N. E. 235. In the latter case, which was one for damages for injuries sustained in starting a street car before the plaintiff had time to alight, it was held that, upon the hypothesis that the facts stated in the instruction were true (and the jury were required to find, from the evidence, they were true), the conclusion of law necessarily followed that appellant was guilty of negligence. It was further said:

"The general rule is that negligence is a question of fact. If, however, the conclusion of negligence necessarily results from a given state of facts, the court may say to the jury, as a matter of law, that such facts establish negligence."

The violation of a statute or ordinance regulating the speed of vehicles, horses, or trains is such a breach of duty as may be made the foundation of an action by any person belonging to the class intended to be protected by such regulation, provided he is specially injured thereby. These principles apply, not only where the statute or ordinance declares that persons violating it shall be liable for any damages sustained by reason of its breach, but also where it contains no such provisions, and simply imposes a penalty, by way of fine or otherwise, for disobedience. 1 Shearman & Redfield on Negligence (6th Ed.) sec. 13. It is said in

Thompson on Trials, sec. 1673, that there is no ground for a distinction between cases of a violation of a duty enjoined by statute and that of a duty enjoined in a particular situation, by a positive rule of common law, especially when the statute is merely declaratory of the common law. In *Ft. Smith & Western Ry. Co. v. Ford, supra,* we held that section 1379, Comp. Laws 1909 (Rev. Laws 1910, sec. 1412), was but declaratory of the rule that existed at common law. So that it may be said as a general rule, where the circumstances of the case are such that the standard of duty is fixed and defined by law, and is the same under all circumstances, that the omission of this duty is negligence, and the court may so declare to the jury. *West Chester & P. R. Co. v. McElwee,* 67 Pa. St. 311; *Jackson v. Kansas City, etc., R. Co.,* 157 Mo. 621, 58 S. W. 32, 80 Am. St. Rep. 650; *Sluder v. St. Louis Transit Co.,* 189 Mo. 107, 88 S. W. 648, 5 L. R. A. (N. S.) 186; *Cincinnati St. R. Co. v. Murray's Adm'r,* 53 Ohio St. 570, 42 N. E. 596, 30 L. R. A. 508.

The evidence is undisputed that plaintiff was in the act of disembarking from the passenger train when she was injured. Plaintiff's testimony was, in effect, that a trainman came through the coach and called the station, and that she and her four traveling companions arose and followed him out; that when near the steps they met other passengers, who were getting aboard the train at Howe, and were on this account delayed in making their exit; that her companions first alighted, and, when she stepped on the top step of the car, the trainmen called "all aboard," and the train moved, and she was caught by the hand and jerked from her position by said trainman, and caused to fall on the station platform, with the result that her kneecap was knocked loose, an artery torn in two, and that she was otherwise seriously injured. Her granddaughter, a ten year old child, fully corroborated plaintiff as to how the accident occurred, testifying that she preceded her grandmother down the steps, heard the trainman call "all aboard," saw the train start, and the same man that signalled the train to start caught her grandmother by

the hand and jerked her from the top step of the car to the station platform. The sudden starting of the train, by the direction of the brakeman, with full knowledge on his part that plaintiff, an elderly woman, was in the act of alighting from the car, constituted of itself negligence *per se*. *McDonald v. Long Island R. Co.*, 116 N. Y. 546, 22 N. E. 1068, 15 Am. St. Rep. 437; *Chicago, R. I. & P. Ry. Co. v. Wimmer*, 72 Kan. 566, 84 Pac. 378, 4 L. R. A. (N. S.) 140, 7 Ann. Cas. 756; *Texas & P. Ry. Co. v. Miller*, 79 Tex. 78, 15 S. W. 264, 11 L. R. A. 395, 23 Am. St. Rep. 308. In Shearman & Redfield on the Law of Negligence (6th Ed.) sec. 608, it is said that the carrier is responsible for any injury resulting from the slightest motion of its vehicle during the entrance or exit of a passenger, unless such motion was caused entirely without its fault, or unless it had no notice of the passenger's movement, and was not in fault for not observing. Many authorities are collected in the footnote supporting the rule.

The further objection that the instruction took from the jury the question of resultant injuries flowing from the defendant's wrongful act is without merit, in view of the proof. The fifth instruction submitted to the jury that, if they found from the evidence that the brakeman jerked or pulled plaintiff from the car in such a way as to cause her to fall and strike the platform so as to injure her, they should find for plaintiff. Other instructions fixed the measure of her damages, and the evidence all tends to show plaintiff's injury and how it occurred; the extent thereof and its seriousness only being in issue.

Finally it is urged that the verdict is excessive. At the time of the injury, plaintiff was 68 years old. Her family physician, Dr. Davenport, testified that before the injury plaintiff's health was good, but that due to the accident, in his opinion, the witness would never be well or strong again. He testified fully as to her physical condition, from which it would appear that plaintiff was not only injured in her limbs, but internally as well. Dr. Davenport testified in part as follows:

Opinion of the Court.

"She had a great deal of swelling around about the knee, what we call cynovitis, and some inflammation of the membranes of the kneecap, and a great deal of swelling of the ankle about that time. She had a great deal of trouble with her heart at that particular time; part of the time she had a little rise in temperature, a little over something like 100 or 102, and she would go two or three days that way, and then it would go below normal—subnormal—and she spit up blood about five days during that time. She seemed to be out of sorts, and there was a general shock to her system. Her kidneys were affected, and her whole circulation, of course, was bad. She could not get up."

Other testimony of Dr. Davenport, and that of the plaintiff herself and other witnesses, all tends to show that the injuries sustained were both serious and permanent in their nature. The question of excessive damages is one that has recently been before this court in *Choctaw, O. & G. R. Co. v. Burgess et al.,* 21 Okla. 653, 97 Pac. 271; *St. Louis & S. F. R. Co. v. Richards,* 23 Okla. 256, 102 Pac. 92, 23 L. R. A. (N. S.) 1032; *Independent Cotton Oil Co. v. Beacham,* 31 Okla. 384, 120 Pac. 969; *Muskogee Electric Traction Co. v. Reed,* 35 Okla. 334, 130 Pac. 157.

In *Choctaw, O. & G. R. Co. v. Burgess et al., supra,* the rule was announced that appellate courts should sparingly exercise the power of granting new trials on the ground of excessive damages, and only where it appears that the verdict is so excessive as *per se* to indicate passion or prejudice. The rule is aptly and succinctly expressed by Judge Story in *Whipple v. Cumberland Mfg. Co.,* 29 Fed. Cas. No. 17,516, 2 Story, 661, in which that eminent jurist used the language following:

"Indeed in no case will the court decide whether, if it had been substituted in the stead of the jury, it would have given precisely the same damages; but the court will simply consider whether the verdict is fair and reasonable and in the exercise of sound discretion, under all circumstances of the case; and it will be deemed so, unless the verdict is so excessive or outrageous, with reference to those circumstances, as to demonstrate that the jury have acted against the rules of law, or have suffered their passions, their prejudices, or their perverse disregard of justice to mislead them."

There is no pretense of anything of this sort in the present case, and while the verdict is large, and the plaintiff was an elderly woman, yet, in view of the foregoing rule, we cannot disregard the jury's verdict, a part of whose province was to fix the amount of recovery.

The judgment of the trial court should be affirmed.

## On Rehearing.

Opinion by SHARP, C. It is urged in the petition for rehearing, filed by counsel for plaintiff in error, that the original opinion failed to pass upon the objection that instructions numbered 4 and 5 misdirected the jury, in that no reference to the question of contributory negligence, qualifying plaintiff's right of recovery, was submitted to the jury. Counsel's position is correct. Under the condition of the record, the defense of contributory negligence was made an issue. There was sufficient evidence to have sent this question to the jury. Plaintiff's signed statement of how she sustained her injuries in part recited:

"When the train stopped at Howe at the station platform, the passengers came on before I could get off, and then we started off. Mrs. Owens, Mrs. Forrester, and the children got off first, and as I was the last one to get off, and just as I was getting off and a trainman was assisting me, I heard some one call, 'All aboard,' and just as I heard 'All aboard' I stepped off, thinking there was another step. * * * I did not fall down, but would have fallen if I had no assistance. * * * The train was still all the time I was getting off."

The instructions nowhere submitted the defendant company's defense of contributory negligence, but, on the other hand, told the jury unconditionally to find for the plaintiff if they found she was injured while in the act of alighting from the train, and that such injury was caused either by the act of the company in starting the train or in its brakeman jerking or pulling her from the train. The question is not one of a failure or omission by the court properly to charge upon this point, or, in other words, of nondirection. If such were the objection to

this instruction, the plaintiff in error, unless it had in apt time, and as provided by statute, requested the submission of a correct instruction, would not be in a position to assert that error was committed. *Huff v. Territory,* 15 Okla. 376, 85 Pac. 241; *First Nat. Bank v. Tevis,* 29 Okla. 714, 119 Pac. 218; *Chicago, R. I. & P. Ry. Co. v. Baroni,* 32 Okla. 540, 112 Pac. 926; *Chicago, R. I. & P. Ry. Co. v. Radford,* 36 Okla. 657, 129 Pac. 834. The mistake here, however, is one of misdirection, in that the court erroneously charged what the issues were, as made by the evidence, which necessarily misled the jury as to what they were to determine. It in effect took from the jury the defense of contributory negligence, as it told them that if they found defendant did one of two things, while plaintiff was getting off the coach, and was thereby injured, they should find for the plaintiff, without regard to whether the plaintiff by her own negligence directly contributed to the accident or not. This was palpable error. *Kenan v. Holloway,* 16 Ala. 53, 50 Am. Dec. 162; *Denver Tramway Co. v. Lassasso,* 22 Colo. 444, 45 Pac. 409; *Chicago, B. & Q. R. Co. v. Housh,* 12 Ill. App. 88; *Knickerbocker Ice Co. v. De Haas,* 37 Ill. App. 195; *Cole v. Searfoss,* 49 Ind. App. 334, 97 N. E. 345; *Murphy v. Chicago, R. I. & P. R. Co.,* 38 Iowa, 539; *McCormick v. Chicago, R. I. & P. R. Co.,* 47 Iowa, 345; *St. Louis S. W. R. Co. v. Samuels,* 103 Tex. 54, 123 S. W. 121.

What we have said is independent of the provision of section 6, art. 23, of our state Constitution, which ordains that the defense of contributory negligence shall, in all cases whatsoever, be a question of fact, and shall at all times be left to the jury.

The original opinion, affirming the judgment of the trial court, not having determined,. though properly raised, the question here under consideration, is erroneous. Because of the error in not instructing the jury as indicated herein, the judgment of the trial court is reversed, and the case remanded for a new trial.

By the Court: It is so ordered.