## PIONEER TELEPHONE & TELEGRAPH CO. v. KOPHART.

No. 5145—Opinion Filed June 30, 1916.

(159 Pac. 355.)

### Negligence—Pleading—Issues Raised.

Where plaintiff in her petition negatives contributory negligence, and defendant in its answer alleges that if plaintiff received any injuries, such injuries were the result of her own carelessness and negligence, and plaintiff replies, denying that her injuries were the result of her own carelessness and negligence, the issue of contributory negligence is made by the pleadings.

(Syllabus by Dudley, C.)

Error from District Court, Lincoln County; Chas. B. Wilson, Jr., Judge.

Action by Susan E. Kophart against the Pioneer Telephone & Telegraph Company, a corporation. There was a judgment for plaintiff, and defendant brings error. Reversed and remanded.

Harris, Nowlin & Singleton and J. R. Spielman, for plaintiff in error.

Burford, Robertson & Hoffman, for defendant in error.

Opinion by DUDLEY, C. The defendant in error commenced this action as plaintiff in the trial court to recover damages for personal injuries alleged to have been received on account of the carelessness and negligence of the telephone company. The cause of action is set forth in the petition as follows:

"Plaintiff alleges among other things that the defendant maintained a telephone line between Rossville, Wellston, and Warwick, in Lincoln county, Okla., which crossed a public highway between Rossville and Warwick on the section line about two miles north of Rossville. That for a long time prior to, and on the 16th day of January, 1912, it negligently suffered and permitted said wire to be and remain suspended over said road and within such proximity thereto that travelers unavoidably and unnecessarily might come in contact therewith. That on the 16th day of January, 1912, the plaintiff was traveling in company with members of her family along the highway in a covered surrey in the usual and ordinary manner. That at that time in the evening, to wit, about the hour of 6 o'clock, it was growing dusk. That the place where said wire crossed the roadway was right at the foot of a steep hill. That the plaintiff was returning home at dusk in the evening and was driving down said hill in the usual and ordinarily careful manner. That in going down said hill said wire was invisible and could not be seen. That plaintiff's husband was driving the carriage. That the top of said carriage in front came in contact with said wire through no fault or negligence on the part of this plaintiff or the person driving the said carriage, but through the gross negligence and carelessness of the defendant in allowing said wire to swing so low as to obstruct ordinary travel. That the said wire, so negligently allowed to swing across the highway as aforesaid, caught the top of the said buggy and pushed the same back upon this plaintiff, then and there and thereby bending plaintiff back over the seat of said buggy and injuring and crushing her breast in and about the fifth rib of the

right side thereof, and wrenching and straining and dislocating and putting out of line certain vertebrae in plaintiff's back and otherwise injuring and bruising plaintiff in and about the back, breast, head, neck, and face. That said injuries were directly and proximately caused by the negligence and carelessness of the defendant aforesaid in suffering and permitting the said wire to exist and remain in said defective, dangerous, and sagging condition, across the highway as aforesaid, without the fault of plaintiff and could not have been seen or apprehended by her. That said injuries thus inflicted caused plaintiff great and excruciating bodily pain and suffering, as well as great mental worry, suffering, and anxiety, and has incapacitated her from carrying on her usual labor as housewife, and will further incapacitate her from such labor permanently, as plaintiff believes."

Defendant filed its answer to this petition, which answer, omitting the caption and signature, is as follows:

"Comes now the defendant, Pioneer Telephone & Telegraph Company, and for its answer to the petition of the plaintiff filed herein, denies generally and specifically each, every, and all of the allegations in said petition contained, except such as are hereinafter specifically admitted.

"Defendant denies that the plaintiff received her said injuries, if any were received, without fault on her part, and alleges that if she received any injuries at the place alleged, that such injuries were the result of her own carelessness and negligence.

"Wherefore the defendant prays judgment of dismissal of said action, and for its costs and disbursements herein."

Plaintiff filed her reply, which reply, omitting caption and signature, is as follows:

"Comes now the plaintiff and for reply to the answer of the defendant in the above-entitled cause denies that her injuries complained of were the result of her own carelessness and negligence, and denies, further, that she was at fault in any manner when said injury was received or that she contributed in any way or manner by her own negligence to the receipt of said injury."

On the trial in the court below, judgment was rendered for plaintiff for the sum of $1,150, to reverse which judgment defendant prosecuted this proceeding in error.

The principal error assigned is the refusal of the trial court to submit to the jury the defense of contributory negligence.

On the trial the defendant requested the court to give the following instruction:

"You are instructed that if you find from the evidence that the plaintiff was injured as alleged in her petition and that the injuries, if any, sustained by her were caused by the carriage or vehicle in which she was riding being driven into a wire owned by the de-

fendant company and strung over and across the public highway upon which such vehicle was being driven; yet if plaintiff knew of the existence of such wire at such place and that its position was such as to bring it in contact with the top of the carriage if the carriage was attempted to be driven past or under it on said highway, then it became the duty of the plaintiff to exercise such care and caution in approaching the wire in the carriage as an ordinarily prudent person would exercise under the same circumstances to avoid injury to herself. And if you find that the plaintiff in approaching said wire, with knowledge of its condition as aforesaid, failed to use such care and caution for her own safety, and that such failure of care on the part of plaintiff contributed to the injuries sustained by her, if any, then plaintiff cannot recover, and your verdict should be for the defendant."

On which was indorsed:

"Refused for the reason that the issue of contributory negligence is not presented by the pleadings in the case.

"Exceptions allowed the defendant.

"Chas. B. Wilson, Jr., Judge."

In the case of Watkinds v. Southern Pac. R. R. Co. (D. C.) 38 Fed. 711, 4 L. R. A. 239, plaintiff having alleged in his complaint that the injury occurred without fault or negligence on his part, and the defendant having chosen to meet this allegation with his specific denial of the same, the court held that it was not necessary for plaintiff to allege or prove that he was without fault in the premises, but plaintiff having chosen to make the allegation, and the defendant having chosen to meet it with specific denial, that there was an issue of fact formed on the question, which must be tried as such before judgment could be rendered in the case, and that where plaintiff alleged in his complaint that the injury, which is the subject of the action, was not caused by any fault or negligence on his part, and the defendant, instead of moving to strike out the allegations, specifically denies the same, that the issue is formed on the question of contributory negligence, and no further pleading is necessary.

In the case of Brown v. Seattle R. R. Co. et al., 16 Wash. 465, 47 Pac. 890, the court held that the complaint having negatived contributory negligence, an allegation in the answer that plaintiff's injuries were caused by her carelessness. fault and want of care, if denied by plaintiff in her reply, is a good plea of contributory negligence.

In the case of Chicago, Rock Island & Pac. Railroad v. Pitchford, 44 Okla. 197, 143 Pac. 1146, the second paragraph of the answer filed by defendant was as follows:

"That, if any injuries were sustained, * * *

said injuries were the result of plaintiff's own negligence and want of care."

On a rehearing of the case, opinion delivered by Mr. Justice Sharp, who was then a member of the commission, it was held that the defense of contributory negligence was made an issue.

In the case at bar, plaintiff alleged in her petition that the top of said carriage in front came in contact with said wire through no fault or negligence on the part of the plaintiff, and that said injuries were directly and proximately caused by the negligence and carelessness of defendant, without the fault of plaintiff, and could not have been seen or apprehended by her, and defendant in its answer denies these allegations specifically, and affirmatively alleges that if any injuries were received, they were the result of her own carelessness and negligence, and plaintiff in her reply denies that her injuries were the result of her own carelessness and negligence, and further specifically denies that she was at fault in any manner when said injury was received, or that she contributed in any way or manner by her own negligence to the injury.

The testimony of plaintiff given at the trial, as set forth on page 30 of case-made, is as follows:

"Q. How often have you traveled this road or highway you testified? A. We traveled quite frequently during the years we have been there. Q. Did you travel it that morning? A. Yes, sir. Q. Which direction were you going that morning? A. Going west. Q. About what time in the morning? A. I can't tell you, maybe 8 or 9 o'clock. Q. Eight or 9 o'clock? A. Yes, sir; I can't tell the exact hour. Q. Did you pass this particular spot that morning? A. Yes, sir; we went the same road we came back. Q. At the time you passed this spot that morning you noticed the wire hanging low over the roadway, didn't you? A. I didn't notice the wire at all. Q. Didn't you notice your husband stop? A. I was in the back seat and my brother-in-law was visiting us; we hadn't seen him for 14 years; we were in conversation. Q. Never mind that. In the morning when you traveled by this place did you notice your husband take his buggy whip and raise this wire so you could drive under there? A. I think he did; I didn't see the wire. Q. You saw him raise something so he could go under it? A. Yes, sir."

The testimony of plaintiff given at the trial as set forth on page 31 of the case-made, in regard to the manner in which they were traveling, and as the accident occurred, is as follows:

"Q. You were coming down the hill only faster than when you went up? A. Yes, sir. Q. How were you traveling down hill? A. Just like we always did. Q. How did you

travel? A. Well, we had a team of ponies; they are no good, holding back down a hill. **Q. They were going a pretty good gait? A.** Yes, sir. Q. The road at that place is smooth; it is rough right up to that? A. It is not smooth. It is comparatively smooth? A. It is smoother than before. Q. You came to the incline of a pretty steep hill? A. Yes, sir; and they would naturally go fast. Q. They were going faster than an ordinary trot, were they not, Mrs. Kophart? A. Yes, sir; I suppose they were; I didn't notice the ponies."

And on page 38 of case-made, shows that plaintiff testified as follows:

"A. I knew a wire was there; I know a wire belonged there. Q. Belonged down where this wire was? A. No, sir; not where it was, but I knew a wire across the road there. Q. You knew it was crossing the road there? A. Yes, sir. Q. And knew it was hanging down that morning because you saw your husband raise it over the top? A. Yes, sir."

Under the testimony of plaintiff, above set forth, there was a question of fact which should have been submitted to the jury. Under the petition of plaintiff, answer of defendant, and plaintiff's reply, issue was joined on the question of contributory negligence, and the instruction No. 2, requested by defendant, should have been given. The trial court nowhere submitted to the jury the question of contributory negligence, but took the position that it was not made an issue by the pleadings, and for that reason should not be given.

By reason of the error in not giving the jury instruction No. 2, requested by defendant, it is recommended that the judgment of the trial court be reversed and the case remanded to the district court of Lincoln county for a new trial.

By the Court. It is so ordered.